IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

BRAD H. STIREWALT,            )
                              )
          Plaintiff,          )
                              )
     v.                       )     No. 06-5109-SSA-CV-SW-WAK
                              )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
                              )
          Defendant.          )

## ORDER

Claimant Brad W. Stirewalt seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on December 30, 1997, due to disorders of his neck, shoulders and lower back.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Plaintiff Brad Stirewalt was born in 1972 and has an eighth grade education. He is approximately 5 feet 10 inches tall and weighs 242 pounds. He lives with his wife in a travel trailer on his parents' property. He does not do yard work or household chores. He has previous work experience as a poultry dresser, spring assembler, auto mechanic helper and material handler. He does not have a valid driver's license, and has not attempted to find work since 2001.

Stirewalt testified that he could not drive because of neck pain, and the neck pain had started about a year after he hurt his back in 1997. He claims his back was injured at work as a

result of repetitive heavy lifting, bending and twisting.  At different times, he was treated by a chiropractor, attended physical therapy, and received steroid injections.  He stated the pain in his lower back and right hip runs down into his right leg.  To relieve the pain, he lies down four or five times a day and puts a pillow under his leg.  He has prescription pain medication, and it makes him drowsy.

Plaintiff also has migraine headaches.  He takes prescription medication, which helps, but says that when he has a headache, it can take him days to recover.  Additionally, Stirewalt has shoulder pain from an injury received in a car accident many years earlier.  He needs help combing his hair and has some weakness in his shoulder.

After considering the evidence, the Administrative Law Judge (ALJ) found plaintiff has impairments which are severe within the meaning of the Social Security Act.  She found those impairments to be multi-level degenerative disc disease with bulging discs; obesity; and a history of a disorder of the left rotator cuff, status post shoulder fracture.  She concluded that Stirewalt has the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently.  He can stand/walk, with normal breaks, for approximately six hours in an eight-hour workday and can also sit, with normal breaks, for the same length of time.  He has certain environmental restrictions, and cannot push/pull or reach overhead with his left arm.  He should work on an even surface without exposure to extreme levels of vibration.  The work should also be simple and repetitive.

The ALJ determined plaintiff could not return to his past relevant work and that he had no transferable skills for work within his residual functional capacity.  Relying on the testimony of a vocational expert, she found he could perform light, unskilled jobs, such as a housekeeping cleaner, material handler or electronics assembler.

Stirewalt challenges the decision, and asserts the ALJ erred (1) by not giving more or controlling weight to the opinion of Dr. John Freitas, (2) by inappropriately determining plaintiff's residual functional capacity, and (3) by finding his testimony to be not entirely credible.

The ALJ gave little weight to the medical source statement given by Dr. Freitas because "it is inconsistent with the evidence as a whole and with the doctor's own treatment notes, which

include no details of an examination and no clinical observations and are clearly based on the claimant's subjective complaints." (Tr. at 22.)

Plaintiff asserts that Dr. Freitas was his primary treating doctor from August 2004 to September 2005, and his opinion is entitled to considerable or controlling weight. He notes that Dr. Freitas referred plaintiff to another physician for pain management; consistently found plaintiff had chronic low back or neck and back pain, sciatica, insomnia, and headaches or migraines; and opined that claimant would be limited to less than a full range of sedentary work.

"The ALJ is required to assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence on the record. 20 C.F.R. § 404.1527(d)(2). 'A treating physician's opinion is generally given controlling weight, but is not inherently entitled to it.' Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006). See 20 C.F.R. § 404.1527(d)(2). An ALJ may elect under certain circumstances not to give controlling weight to treating doctors' opinions. A physician's statement that is 'not supported by diagnoses based on objective evidence' will not support a finding of disability. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir.2003). If the doctor's opinion is 'inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight.' Id.; see also Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2). It is the ALJ's duty to resolve conflicts in the evidence. See Hacker, 459 F.3d at 936." Travis v. Astrue , 477 F.3d 1037, 1041 (8th Cir. 2007).

Here, a report from an MRI shows Stirewalt has a herniated nucleus pulposus at the L4-L5 level on the left, mild central bulging of the intervertebral disc at the L5-S1 level, and evidence of degenerative disc disease at the L3-L4, L4-L5 and L5-S1 levels. (Tr. at 203.) He was treated conservatively with pain medication, two epidural steroid injections, and physical therapy. He reported to Dr. Yarosh, in May 2005, that he continued to have low back pain, but that his radicular symptoms had essentially resolved with medication. Dr. Yarosh opined that claimant had residual low back pain related to degenerative disc disease, with no indication for surgical intervention, and a recommendation that Stirewalt use a course of physical therapy for pain management.

The records also support claimant's assertions that he had migraine headaches and shoulder pain.

4

Nevertheless, when the record is considered as a whole, the opinion of Dr. Frietas is inconsistent with the medical records.  Plaintiff asserts he became disabled in December 1997, but there is little or no medical evidence of treatment prior to July 2002.  From July 2002 to August 2004, there was only intermittent treatment.  His treatment between August 2004 and December 2005 was relatively conservative, with several of the treatment notes indicating the purpose of the visit or contact was for medication refills, and there is some indication Stirewalt did not always comply with his treatment recommendations, did not always take his medication, and may have been trading his Percocet for another drug.  The record indicates claimant abused alcohol and/or marijuana during the relevant time.

None of plaintiff's medical records indicate that any treating physician told him to restrict his daily activities, not to work, or to lie down on a regular basis.  Some of the records indicate plaintiff told the medical personnel that he was unable to work, but the physicians did not prescribe work restrictions.  Physician notes do not document the need for regular rest breaks or that plaintiff's pain was of sufficient intensity to interfere with his activities or ability to concentrate.

Recommendations for physical therapy suggest the physicians may have felt increased activity would benefit plaintiff.  Further, the records indicate plaintiff's headaches and/or migraines responded to medication.

Thus, the court finds there is substantial evidence on the record as a whole to support the ALJ's decision to discount or give little weight to the opinion of Dr. Frietas.

Stirewalt next asserts the ALJ erred in making a determination of his residual functional capacity.  The claimant, and not the Commissioner, has the burden of proving his or her residual functional capacity.  Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, plaintiff gave his testimony and submitted medical records related to his impairments.  The ALJ considered that evidence and then made her findings regarding what plaintiff was capable of doing with his impairments.

The ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations.  20 C.F.R. § 404.1545."  Pearsall v. Massanari, 274

F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

In this case, the ALJ did so. She recognized plaintiff's shoulder pain and impairment, and limited him from activities which required overhead lifting or pushing/pulling with his left arm and shoulder. Likewise, she acknowledged his back pain and obesity, and limited the amount he should lift. She acknowledged his possible decreased mobility and drowsiness, and limited his exposure to heights and moving machinery. Other restrictions were based upon his orthopaedic impairments and distraction from pain.

Plaintiff also asserts the ALJ erred in making her credibility determination. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

The ALJ noted plaintiff's testimony was inconsistent with the statements he made on his application questionnaires regarding his daily activities. She noted his low earnings record and history of drug abuse weighed against his credibility because they showed a lack of motivation to work. The ALJ also remarked that the record failed to support his allegation that he needed to lie down for a significant portion of the day.

A review of the record as a whole supports the ALJ's decision to discredit plaintiff's allegations of total disability. The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991). The ALJ acknowledged plaintiff's pain, but determined that it was not as severe and restricting as plaintiff alleged.

The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision. Comstock v. Chater, 91 F.3d

1143, 1145 (8th Cir. 1996). "Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'" Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997).

    For these reasons and those set forth in more detail in the Commissioner's brief, it is ORDERED that the decision of the Commissioner is affirmed and this case is dismissed. Dated this 20th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

7